UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------
GARY BOWENS / US EQUITY HOMES,

                Plaintiff,   **MEMORANDUM AND**
                               **ORDER TO SHOW CAUSE**
         v.   20-CV-2245 (MKB)

FRANCES DeMAIO,

                Defendant.
-------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

       Plaintiff Gary Bowens,[1] proceeding *pro se*, commenced the above-captioned action on May 19, 2020, against Defendant Frances DeMaio, a resident of Connecticut, alleging breach of contract concerning the parties' agreement to buy, remodel, and resell real property located at 15 Mafre Drive, Guilford, Connecticut ("the Property"). (Compl. 1–2, Docket Entry No. 1.)[2] Although Plaintiff paid the filing fee to commence this action, the Court orders him to show cause in writing within thirty (30) days, why the Court should not transfer this action to the District of Connecticut. If Plaintiff fails to show cause in writing within the time allowed or fails

---

    [1] Although Plaintiff adds "US Equity Homes" to his name, he does not otherwise reference this entity's name in the Complaint. However, because Plaintiff is proceeding *pro se*, he may only proceed on his own behalf, and cannot proceed on behalf of a business entity. *See, e.g., Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir. 1997) ("[A]ppearance pro se denotes (in law latin) appearance for one's self; so that a person ordinarily may not appear pro se in the cause of another person or entity."). Moreover, to the extent US Equity Homes is a corporation, it cannot represent itself and Plaintiff, as a lay person, cannot represent a corporation. *See Lattanzio v. COMTA*, 481 F.3d 137, 139–40 (2d Cir. 2007) (discussing the rationale for requiring corporations, as "artificial entities," to appear through counsel only (citation omitted)).

    [2] Because the Complaint is not consecutively paginated, the Court refers to the page numbers assigned by the Electronic Case Filing ("ECF") system.

to seek an extension of time to do so, the Court will transfer this action to the District of Connecticut.

I. Discussion

a. Proper venue

Under 28 U.S.C. § 1391(b), the federal venue statute, a civil action may be commenced in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). The Eastern District of New York is not the proper venue for this action. Although Plaintiff resides in Queens, he alleges in the Complaint that the Property is located in Connecticut, and that Defendant is a resident of Connecticut. Accordingly, the Court finds that venue is not proper in the Eastern District of New York.

b. Transfer pursuant to 28 U.S.C. § 1406(a)

Where a case is improperly venued, district courts are to dismiss the case or, "if it be in the interest of justice, transfer [the] case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The decision "whether to dismiss or transfer a case 'lies within the sound discretion of the district court.'" *Blakely v. Lew*, 607 F. App'x 15, 18 (2d Cir. 2015) (quoting *Minnette v. Time Warner*, 997 F.2d 1023, 1026 (2d Cir. 1993)); *see also Gonzalez v. Hasty*, 651 F.3d 318, 324–25 (2d Cir. 2011) (noting that "'[c]ourts enjoy considerable discretion in deciding whether to transfer a case in the interest of justice'" pursuant to section 1406(a) and that courts "should abstain from transferring when the case is a 'sure loser'" (first quoting *Daniel*

*v. Am. Bd. of Emergency Med.*, 428 F.3d 408, 435 (2d Cir. 2005); and then quoting *Moreno-Bravo v. Gonzales*, 463 F.3d 253, 263 (2d Cir. 2006))).

In the interest of justice, the Court intends to transfer this action to the United States District Court for the District of Connecticut.  *See* 28 U.S.C. § 1406(a).

### c. Transfer pursuant to 28 U.S.C. § 1404(a)

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a); *see also New York Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (noting the district courts' discretionary power to transfer venue "for the convenience of parties and witnesses" (quoting 28 U.S.C. § 1404(a))).  A district court "may *sua sponte* transfer an action in the interest of justice and for the convenience of the parties and witnesses, pursuant to 28 U.S.C. § 1404(a)." *Taite v. Colgate Univ.*, No. 12-CV-3435, 2012 WL 9334547, at *1 (E.D.N.Y. July 11, 2012) (citations omitted); *see also Lead Indus. Ass'n, Inc. v. Occupational Safety & Health Admin.*, 610 F.2d 70, 79 n.17 (2d Cir. 1979) ("The broad language of 28 U.S.C. § 1404(a) would seem to permit a court to order transfer [s]ua sponte." (citations omitted)).

In determining whether to transfer an action *sua sponte*, the court must consider the same factors it would on a motion to transfer.  *See Goodall v. New York State Dep't of Corr. & Cmty. Supervision*, No. 19-CV-532, 2019 WL 4805029, at *1 (E.D.N.Y. Oct. 1, 2019) (citing *Taite*, 2012 WL 9334547, at *1.)  In deciding a motion to transfer venue pursuant to section 1404(a), a district court considers: "(1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel

3

the attendance of unwilling witnesses, and (7) the relative means of the parties." *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 106–07 (2d Cir. 2006) (alteration, citation and internal quotation marks omitted); *see also Lafarge*, 599 F.3d at 112 (listing factors).

In weighing the factors to determine whether transfer to the District of Connecticut is appropriate, they overwhelmingly weigh in favor of transfer.  While a plaintiff's choice of forum normally warrants substantial deference, *see Cosa Xentaur Corp v. Bow*, No. 13-CV-2912, 2014 WL 1331030, at *13 (E.D.N.Y. Mar. 31, 2014) ("As a general rule, 'a plaintiff's choice of forum is presumptively entitled to substantial deference.'" (quoting *Gross v. British Broad. Corp.*, 386 F.3d 224, 230 (2d Cir. 2004))), district courts have afforded less deference to the plaintiff's forum choice where the operative facts have little connection to the designated forum, *see Bow*, 2014 WL 1331030, at *13 (recognizing this caveat); *Guccione v. Harrah's Mktg. Servs. Corp.*, No. 06-CV-4361, 2009 WL 2337995, at *7 (S.D.N.Y. July 29, 2009) (same) (quoting *Mitsui Marine & Fire Ins. Co. Ltd. v. Nankai Travel Intern. Co., Inc.*, 245 F. Supp. 2d 523, 525 (S.D.N.Y. 2003)).  The allegations and claims in the Complaint concern events and proceedings that occurred in Connecticut – the Property is located in Connecticut and Defendant is located in Connecticut.  (*See generally*, Compl.)  Moreover, in addition to the fact that Defendant is not located within this district, there is no indication that any witness or evidence other than Plaintiff is located in this district.  Thus, the "locus of operative facts" and relevant documents and other sources of proof all appear to be in Connecticut.

While Plaintiff's choice of forum weighs heavily on this Court's decision, the Court nevertheless finds that the other factors weigh in favor of transferring the action in the interest of convenience and judicial economy.

**II.     Conclusion**

For the foregoing reasons, the Court orders Plaintiff to show cause, in writing within thirty (30) days of this Order, why this action should not be transferred to the United States District Court for the District of Connecticut.  If Plaintiff fails to show cause in writing within the time allowed or fails to request an extension of time to do so, the Court will transfer this action without further notice.  The Clerk of Court is respectfully directed to mail a copy of this Memorandum and Order to Show Cause to Plaintiff at the address of record and to note the mailing on the docket.

Dated: June 3, 2020
       Brooklyn, New York

                                              SO ORDERED:

                                                   s/ MKB
                                              MARGO K. BRODIE
                                              United States District Judge